IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MANDY SHAUL-BOLEK, INDIVIDUALLY, | ) ) ) | No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| PELSTER LAW OFFICE, AND GLENN A. PELSTER, AN INDIVIDUAL, | ) ) ) ) ) | |
| Defendants. | | |

Plaintiff, Mandy Shaul-Bolek, by and through her attorneys, Rembolt Ludtke LLP, for her cause of action against Defendant, Pelster Law Office, and Glenn A. Pelster, alleges:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Alliance, Box Butte County, Nebraska.
2. Defendant is a resident of Scottsdale, Maricopa County, Arizona.
3. This Court has jurisdiction over the case 28 U.S.C. § 1332(a) because complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.
4. Venue is appropriate pursuant to 28 U.S.C. § 1402 in that Plaintiff is currently a resident of the state of Nebraska.

## FACTUAL BACKGROUND

5. Plaintiff incorporates the preceding paragraphs above as fully set forth herein.
6. Plaintiff was formerly employed as a registered nurse at Regional West in Scottsbluff, Nebraska from 2002 to August 24, 2017.
7. On August 24, 2017, Plaintiff was wrongfully terminated from her position as a nurse at Regional West.
8. Defendant was an attorney out of Ogallala, Keith County, Nebraska at the time of Plaintiff's termination in 2017.

9. On September 1, 2017, Plaintiff entered into an agreement with Defendant for Defendant to provide her with legal representation in a wrongful termination claim against Regional West, attached hereto as Attachment A.

10. Plaintiff provided all information requested by Defendant in preparing her claim in an expeditious manner and regularly followed-up with him about her case.

11. Defendant prepared a Wrongful Termination Complaint on behalf of Plaintiff that is attached hereto as Attachment B.

12. At no time did Defendant advise Plaintiff of any additional claims available to her under the Nebraska Fair Employment Practices Act ("NFEPA") and Americans with Disabilities Act ("ADA").

13. The statute of limitations for Plaintiff's wrongful termination claim against Regional West ran on August 24, 2021.

14. Defendant failed to properly file a Complaint with a court of competent jurisdiction within the statute of limitations.

15. As of August 24, 2021, Plaintiff's wrongful termination claim against Regional West was forever barred by the statute of limitations.

16. As of June 20, 2018, any and all claims that Plaintiff had against Regional West under the NFEPA and ADA were forever barred by the statute of limitations.

## DEFENDANT'S DUTY

17. Plaintiff incorporates the preceding paragraphs above as fully set forth herein.

18. As Plaintiff's attorney, Defendant owed Plaintiff a duty to exercise the skill, diligence, and knowledge that are commonly possessed by attorneys acting in similar circumstances. *Rice v. Poppe*, 293 Neb. 467, 474 (2016).

19. Defendant owed Plaintiff a duty to use reasonable care and skill in the discharge of his duties. *Perez v. Stern*, 279 Neb. 187, 191 (2010).

## DEFENDANT'S NEGLIGENCE

20. Plaintiff incorporates the preceding paragraphs above as fully set forth herein.

21. Defendant breached one or more of the duties he owed to Plaintiff by failing to successfully file and serve a wrongful termination Complaint on behalf of Plaintiff within the statute of limitations.

22. Defendant breached one or more of the duties he owed to Plaintiff by failing to advise her as to additional meritorious employment-related claims that she could have pursued, including claims under the NFEPA and ADA.

23. Defendant's breach of his duties directly and proximately caused Plaintiff's legal claims against Regional West to be permanently barred, including Plaintiff's wrongful termination, NFEPA, and ADA claims.

24. Defendant's breach of his duties directly and proximately caused damage to Plaintiff in that it forever prevented her from litigating her wrongful termination claim and other employment-related claims against Regional West.

## CLAIM FOR RELIEF: LEGAL MALPRACTICE

25. Plaintiff incorporates the preceding paragraphs above as fully set forth herein.

26. As a direct and proximate result of Defendant's breach described herein, Plaintiff was forever barred from litigating meritorious her claims against Regional West.

27. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages including but not limited to:
    a. Inability to recover lost wages and benefits in her meritorious wrongful termination claim.
    b. Inability to pursue viable employment-related claims under the NFEPA and ADA.
    c. Inability to recover appropriate general damages in her meritorious wrongful termination and employment-related claims.
    d. Mental suffering and inconvenience due to her procedurally barred claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant for the following:
   a. Special damages related to the negligent legal representation of Plaintiff in an amount not less than $600,000;
   b. General damages as provided by law, including but not limited to the nature and extent of mental suffering and inconvenience endured by Plaintiff due to Defendant's malpractice;
   c. Reasonable attorneys' fees
   d. Interest at the maximum legal rate until the judgment is paid in full; and,
   e. The taxable costs of this action.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests that the trial of this matter occur in Lincoln, Nebraska.

DATED: September 16, 2022

        MANDY SHAUL-BOLEK, Plaintiff

By: REMBOLT LUDTKE LLP
1128 Lincoln Mall, Suite 300
Lincoln, NE 68505
(402) 475-5100


By: /s/ Mark R. Richardson
Peter C. Wegman (#16685)
pwegman@remboltlawfirm.com
Mark R. Richardson (#24719)
mrichardson@remboltlawfirm.com

4862-6525-8279, v. 1